Upon this petition for rehearing, the principal matter insisted on is, that the agreement by the defendants to take back the purchase-money and a book debt due to them, and to give up the purchase they made at execution sale was within the Act of 1801. c. 25, sec. 1, and being not reduced into writing was void. "No action shall be brought whereby to charge any person upon any contract for the sale of lands, tenements, or hereditaments, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith or some other person by him thereunto lawfully authorized." It is said the defendants had a legal title to lands', tenements, and hereditaments which they agreed to sell to the plaintiff, and that their agreement ought therefore to have been in writing. It is urged that the words of this act ought not to be reduced by construction to narrower limits than otherwise they would occupy. Let this rule be our guide, at present not saying anything of part-performance. In executions, the term lands and tenements does not comprehend equitable estates unless by force of some statute. The Act of 1715, c. 38, concerning conveyances of land, which says that all deeds so done and executed shall be valid and pass estates in lands,c., does not extend to the conveyance of a trust or equitable estate which may be by parol. 2 Hay. 131. To avoid this difficulty it is contended that the right of preemption and occupancy which Danforth had at the time of the execution sale, was a legal estate. Indeed if it were so, still a purchase, at sheriff's sale, *Page 67 
of a legal estate, and payment of the purchase-money, without receiving a deed, would not be a legal estate in the purchaser, and might be transferred or relinquished by a parol agreement or transfer, as by a verbal direction to the sheriff to convey to a third person; and by parity of reason by an agreement with the defendant in the execution to relinquish the benefit of the purchase to him upon payment of a certain sum, which afterwards is actually paid; much less would be the interest of the purchaser be a legal estate if the right of pre-emption and occupancy which he purchased was not so. What then is the nature of the interest which the people south of French Broad and Holston have in lands to which they have a right of pre-emption by the law? 1783, c. sec.; 1789, c. 3. sec. 1; 1791, the treaty of Holston; 1796, by the constitution sec. 31, schedule thereto sec. 8; 1803, c. 2, secs. 1, 2; 1805, cc. 39, 72; 1806, c. 2, sec. 20. After a careful attention to the arguments which have been pressed with great force and ingenuity, we think it may be said at the outset that there is one thing which it is not; and that is, that it is not a legal estate for the life of the occupant; for if so, how comes it that it descends to heirs, is devisable and alienable, and subject to dower and partition? Are these the qualities of a life estate? By no means. The estate which has all these attributes must be an estate in fee; and if only an equitable estate in fee, are not the owners as safe and as sure of protection as if it were a legal one? How can it be a legal estate in fee, if still the legal estate in fee is to pass to the owner by grant? To have a legal estate in fee already, and then another legal estate in fee by the grant, seems to be more than is requisite. Say that, before the grant, the occupant has an equitable one, and that the estate by grant is a legal one; and all is consistency and harmony. But say that the legal estate exists before the grant issues, and the symmetry of legal rules is destroyed. *Page 68 
This is an estate of the same nature that an entry is which is allowed to be equitable. Every argument adduced to prove that a right of pre-emption and occupancy, such as we now speak of, is a legal estate, will also prove that an entry is a legal estate. Let us try them. Here is an estate inheritable; so is an entry. Here is an estate alienable; so is an entry. Here is an estate devisable; so is an entry. Here is an estate partible amongst the heirs; so is an entry. Here is an estate subject to dower, which, by the law of 1784, must be taken out of lands, tenements, and hereditaments. The contrary has been lately decided, and the lawyers who resided upon that tract of country acquiesced. A trust or equitable estate is subject, in all respects, to all the same rules that a legal estate is, except dower; and in England that exception is founded on precedents and authority, as the judges acknowledged, and not an analogy or reason, which, in all things else, has conformed the trust estate to legal rules. If popular practice or legal precedents have established a different rule with, respect to dower in equitable estates, what judge will try to escape from a series of domestic precedents, if such there be, which has effected the change. We ought rather to rejoice that the rule is established both with respect to occupancies and entries. But then the rule should be referred to the sanction of practice and precedent, and not to the nature of the estate. The arguments then to prove this a legal estate would also prove an entry to be such. And we all know that the latter is not a legal estate. An occupant is entitled to the possession; so is an enterer. An occupant may maintain trespass; so may an enterer. An occupant may maintain an ejectment by the Act of 1805, c. 39, which proves that, like an enterer, he could not do it before. A bill of sale of such lands was admitted to registration by 1805, c. 72. What need of that if, under the law of 1754, c. 6, sec. 2, for registering deeds for the conveyance *Page 69 
of lands, tenements, and hereditaments, occupancies were within these words and the registration act? Will it be said that all transfers after the 6th of February, 1796, which were verbally made were void? Yet they certainly were so, if within the meaning of the words, lands, tenements, and hereditaments, used in the registration laws of 1715, c. 3, sec. 5; 1751, c. 6, sec. 2. Being not, however, within these statutes, because not embraced by this term, a special law was provided for their registration by 1805. c. 72. The description of a right of pre-emption and occupancy is this: a right to obtain a grant hereafter upon payment of the purchase money at a future day. The description of an entry is this: a right to obtain a grant hereafter, the purchase-money being already paid. Can it be that the former interest is so much preferable to the latter that it shall be considered a present legal estate in fee, whilst the latter is but an equitable estate, not entitled to the privileges of a legal estate in any respect? Will not reason give more pre-eminence to a claim founded upon money actually paid, than to one founded upon the expectation of money which may never be paid? The Court can not but think so. And therefore it still adheres to the belief that the right we are contemplating is not a legal estate, but an equitable one, partaking of the qualities of an entry in most instances, but of an inferior grade in some instances; though so well secured by the law and the Constitution that it can never be lost to the owners, or those legally claiming under them, if they will but take care not to incur a default which in law will take it from them.
Dismiss the petition for a rehearing.